# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
ROBERT H. BARON
KEVIN J. GREHAN
C. ALLEN PARKER
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL

JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1772

TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT

YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
JONATHAN L. DAVIS
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL

MICHAEL L. SCHLER

May 11, 2015

Luciano F. Paone v. Qualcomm, Inc.
Case No. 2:15-cv-00647-BMC

Dear Judge Cogan:

       I represent Defendant Qualcomm Incorporated in the above-entitled patent action brought by Plaintiff Luciano F. Paone, alleging infringement of U.S. Patent 6,259,789 ("the '789 Patent").  Pursuant to your Honor's individual rules, we submit this letter to request a pre-motion conference in connection with Qualcomm's anticipated partial motion to dismiss.  The grounds for the motion are (1) that Mr. Paone is collaterally estopped from relitigating claims that were decided against him in *Paone v. Microsoft Corp.*, 881 F. Supp. 2d 386 (E.D.N.Y. 2012), and (2) that Mr. Paone has not alleged sufficient facts to support his indirect and willful infringement claims.

       Mr. Paone alleges that Qualcomm infringes the '789 Patent solely because some of its products incorporate the ability to use the industry standard Temporal Key Integrity Protocol ("TKIP") encryption scheme.  Compl. ¶ 15.  In correspondence with Qualcomm (attached to the complaint), Mr. Paone has asserted that by incorporating the TKIP standard, Qualcomm's products infringe "at least claims 2, 24, 33 and 34" of the '789 Patent.  Compl. Ex. B.  These are the exact same claims Mr. Paone asserted against Microsoft.  In *Microsoft*, this Court held that the TKIP standard (i) does not literally infringe claims 24 and 34 of the '789 Patent; and (ii) does not infringe claims 2 and 33 of the '789 Patent, either literally or under the doctrine of equivalents.  881 F. Supp. 2d at 404, 426.  The case subsequently settled and was dismissed with prejudice.

       "The doctrine of collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action an issue that was clearly raised in a prior action and decided against that party."  *Washington v. U.S. Tennis Ass'n, Inc.*, 290 F. Supp. 2d 323, 326 (E.D.N.Y. 2003) (internal quotations omitted).  Issue preclusion applies to prior summary judgment decisions.  *See Molinaro v. Fannon/Courier Corp.*, 745 F.2d 651, 655 (Fed. Cir. 1984) (holding that the summary judgment decision of noninfringement in prior action charging infringement of the same patent by similarly placed defendants was

entitled to collateral estoppel effect). As the Federal Circuit has recognized, "where a determination of the scope of patent claims was made in a prior case, and the determination was essential to the judgment there on the issue of infringement, there is collateral estoppel in a later case on the scope of such claims". *Pfaff v. Wells Elec., Inc.*, 5 F.3d 514, 517 (Fed. Cir. 1993).

"A court may dismiss a claim on [ ] collateral estoppel grounds *on a motion to dismiss*, a motion for judgment on the pleadings, or a motion for summary judgment." *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 168 (E.D.N.Y. 2010) (emphasis added). The doctrine of collateral estoppel applies where: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *New York v. Julius Nasso Concrete Corp.*, 202 F.3d 82, 86 (2d Cir. 2000). The issues raised in this case plainly meet these criteria.

First, the issues in the *Microsoft* summary judgment decision are exactly the same as the issues in this litigation. Mr. Paone alleged that Microsoft infringed claims 2, 24, 33 and 34 of the '789 Patent as a result of its incorporation of the TKIP standard in its products. Mr. Paone likewise alleges that Qualcomm has infringed claims 2, 24, 33 and 34 as a result of its use of the TKIP standard in its products.

Second, whether the TKIP standard infringes claims 2, 24, 33 and 34 of the '789 Patent was actually litigated and actually decided in the *Microsoft* action. *Paone* 881 F. Supp. 390. After extensive litigation, the court held that the TKIP standard did not literally infringe claims 24 and 34 of the '789 Patent and did not infringe claims 2 and 33. *Id*. at 404, 426.

Third, Mr. Paone had a full and fair opportunity to litigate in the prior proceedings. He had a full and fair opportunity to present his case during the summary judgment proceedings. *Paone*, 881 F. Supp. at 410-11. Even after the court's summary judgment decision, Mr. Paone had the opportunity to appeal the decision but chose instead to settle the matter and have it dismissed by this Court with prejudice. *TM Patents, L.P. v. International Business Machines Corp*., 72 F. Supp. 2d 370, 379 (S.D.N.Y. 1999) (applying collateral estoppel to claim construction ruling issued prior to settlement). There were no procedural deficiencies with the *Microsoft* action, and as such Mr. Paone has no basis on which he can assert that he did not have a full and fair opportunity to litigate his claims.

Fourth, the determination of whether TKIP infringed claims 2, 24, 33 and 34 was necessary to support a valid and final judgment on the merits. As the court noted in *Microsoft*, "in order for TKIP to infringe any [of] these claims, Paone necessarily must prove that TKIP incorporates every limitation of the claim, either literally or under the doctrine of equivalents." *Paone*, 881 F. Supp. at 390.

Because all of the elements of collateral estoppel are met, Mr. Paone is precluded from relitigating the non-infringement decisions rendered in the *Microsoft* case.

In addition, the complaint fails to allege sufficient facts to support claims of indirect and willful infringement. Claims for indirect infringement (*i.e.*, induced and contributory infringement) are governed by the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Mr. Paone must "adequately allege factual circumstances" to support a claim for willful infringement. *3D Sys., Inc. v. Formlabs, Inc.*, No. 13 CIV. 7973, 2014 WL 1904365, at *6 (S.D.N.Y. May 12, 2014).

Mr. Paone's claims for indirect and willful infringement fail to satisfy the requisite pleading standards. His claims for indirect infringement are conclusory and lack even basic factual allegations. *See, e.g.*, *Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295-96 (Fed. Cir. 2012) (affirming dismissal of indirect patent infringement claims for failure to satisfy *Twombly* and *Iqbal*); *3D Sys.*, 2014 WL 1904365, at *6 ("The Complaint only makes a barebones [allegation of contributory infringement]."). Mr. Paone's claim for willful infringement is deficient because it merely alleges the elements of the claim with no supporting facts. *See U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12 CV 366, 2013 WL 8482270, at *5 (E.D. Tex. Mar. 6, 2013) (holding willfulness claim was "devoid of any facts").

For the reasons set forth above, Qualcomm respectfully requests that the Court schedule a pre-motion conference concerning its proposed motion to dismiss.

Respectfully submitted,

/s/ Keith R. Hummel

Keith R. Hummel

Honorable Brian M. Cogan
    United States District Court for the
        Eastern District of New York
           225 Cadman Plaza East
                Brooklyn, NY 11201

BY ECF

Copies to counsel of record by ECF