**DESMARAIS** LLP

www.desmaraisllp.com

| | Sean T. Doyle | |
|---|---|---|
| 230 Park Avenue | Direct: 212-351-3421 | P: 212-351-3400 |
| New York, NY 10169 | sdoyle@desmaraisllp.com | F: 212-351-3401 |

May 18, 2015

**<u>Via ECF</u>**
The Honorable Brian M. Cogan
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Luciano F. Paone v. Qualcomm, Inc.*, Case No. 15-cv-00647-BMC-GRB

Dear Judge Cogan,

    We represent Plaintiff Luciano F. Paone in the above-captioned action, and hereby respond to Qualcomm's May 11, 2015, letter requesting a pre-motion conference on alleged collateral estoppel issues and the sufficiency of Plaintiff's pleading regarding indirect infringement and willful infringement. Qualcomm's request should be denied.

**I.    Background—The Prior *Microsoft* Litigation**

    Mr. Paone, the single named inventor of U.S. Patent No. 6,259,789 ("the '789 patent"), filed his first complaint for infringement of the '789 patent against Microsoft Corporation on July 23, 2007.[1] One of the allegedly-infringing technologies at issue was a standardized encryption system called the Temporal Key Integrity Protocol ("TKIP"), which is the same technology at issue in this litigation. The Microsoft litigation took more than six years. During that time, the claims were construed by a Special Master and then by the Court, and there were several rounds of expert reports. The validity of various claims of the '789 patent was confirmed in three *ex parte* reexaminations[2] filed by Microsoft. Mr. Paone's case survived summary judgment and multiple *Daubert* attacks. And Mr. Paone prevailed on nearly all of the motions *in limine*. The parties ultimately settled on the eve of trial in late 2013.

**II.    Qualcomm's Collateral Estoppel Arguments Are Premature**

    Qualcomm seeks the Court's permission to file a "partial motion to dismiss" Plaintiff's infringement claims based on collateral estoppel. (*See* D.I. 13 at 1-2.) Qualcomm's request should be denied for at least three reasons.

    First, Qualcomm's "partial motion to dismiss" is not permitted under Rule 12(b)(6). Qualcomm hedges with the "partial" qualifier because even if every decision from the *Microsoft*

---

[1] *Luciano F. Paone v. Microsoft Corporation*, E.D.N.Y., Case No. 2:07-cv-02973.

[2] Reexamination Nos. 90/009,153; 90/009,507; and 90/009,543.

**DESMARAIS**LLP

The Honorable Brian M. Cogan
May 18, 2015
Page 2

case applied here under a collateral estoppel theory, ***Plaintiff would still have a valid claim of infringement***, just as Plaintiff did on the eve of trial after six years of litigation with Microsoft. At most, the alleged collateral estoppel issues would apply only to particular theories of infringement underlying the asserted cause of action for infringement of the '789 patent—even if Qualcomm was correct that collateral estoppel should apply, it would not result in dismissal of any cause of action from this case. Qualcomm's request should therefore be denied because Rule 12(b)(6) is not the proper vehicle for seeking dismissal of only a portion of a cause of action:

> On a Rule 12(b)(6) motion, Defendants may move to dismiss 'a claim,' not to dismiss or strike specific allegations or portions of a claim. *Compare* Fed.R.Civ.P. 12(b)(6), with Fed.R.Civ.P. 56(a) (providing that a party may move for summary judgment on a 'claim or defense—or [a] part of each claim or defense').

*Rich v. BAC Home Loans Servicing, LP*, No. CV-11-00511-PHX-SRB, 2013 WL 10104610, at *8 (D. Ariz. July 10, 2013); *see also Meeks v. Emiabata*, 2015 WL 1636800, at *2-3 & n.3 (W.D. Va. 2015) (noting that "Rule 12(b)(6) is a vehicle to dismiss a 'claim' in its entirety," as contrasted with Rule 56, which "permits dismissal of part of a claim."). Instead, Qualcomm's motion for "partial" dismissal should be brought, if at all, as a summary judgment motion under Rule 56, which is premature at this early stage of the case.

Second, Plaintiff's complaint is more than sufficient to state a claim of patent infringement under controlling Federal Circuit case law. As the Federal Circuit has explained, pleading patent infringement requires: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). Plaintiff's complaint includes each of these elements (*see* D.I. 1 at ¶¶ 5-6 (jurisdiction); 11 (ownership of patent); 15 & 18 (statement of infringement); 16 (notice); and 24 (damages)), and Qualcomm does not allege otherwise. Accordingly, Plaintiff has pled sufficient facts to set forth his claim of patent infringement.

Finally, Qualcomm's request should be denied as premature because it is based upon Qualcomm's assumption that particular theories of infringement will be asserted in this action. (*See* D.I. 13 at 2 ("Mr. Paone likewise alleges that Qualcomm has infringed claims 2, 24, 33 and 34 as a result of its use of the TKIP standard in its products.").) But Plaintiff has not even set forth which particular patent claims that it will proceed with in this case. Indeed, at the pleading stage "a plaintiff need not [] identify which claims it asserts are being infringed." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d at 1335. Likewise, consistent with Federal Circuit case law, E.D.N.Y. Local Patent Rule 6 specifically instructs that "not later than forty-five (45) days after the Initial Scheduling Conference, a party claiming patent infringement must serve on all parties a '***Disclosure of Asserted Claims*** and Infringement

**DESMARAIS**LLP

The Honorable Brian M. Cogan
May 18, 2015
Page 3

Contentions,' which *identifies* for each opposing party, *each claim* of each patent-in-suit that is allegedly infringed." Accordingly, Qualcomm's motion is premature because Plaintiff has not yet even identified the particular patent claims that will be asserted as part of this action, as that is not required to set forth a sufficient pleading for patent infringement.

### III.   Qualcomm Misrepresents The Pleadings On Indirect And Willful Infringement

Qualcomm argues that Plaintiff failed to adequately plead indirect and willful infringement because Plaintiff's "claims for indirect infringement are conclusory and lack even basic factual allegations" and because Plaintiff alleges willfulness "with no supporting facts." (*See* D.I. 13 at 3.) Both these assertions are wrong—the Complaint (D.I. 1) expressly sets forth facts supporting these claims. For example, as set forth in paragraph 16, "by a letter dated December 6, 2013, Paone notified Qualcomm of the '789 Patent and Qualcomm's infringement of that patent, including a detailed claim chart setting forth specifically how Qualcomm's products including TKIP technology meet the limitations of certain claims of the '789 Patent." The Complaint included both the letter and the claim chart as Exhibits B and C. Plaintiff also provided detailed facts regarding Qualcomm's provision of materials to customers related to the infringing technology, including specific citations to Qualcomm documents on the Internet, in support of the indirect infringement claims. (*Id*. at ¶ 20.) These facts demonstrate express notice of the patent and infringement over a year before Plaintiff filed suit, as well as Qualcomm's advertisement of the infringing technology. These factual pleadings easily meet the pleading standard, and Qualcomm cites nothing suggesting otherwise. Plaintiff therefore respectfully requests that this Court deny Qualcomm's request for a pre-motion conference.

Very truly yours,

 /s/ Sean T. Doyle
Sean T. Doyle (SD 7678)